UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-341-MOC

| THOMASINA COFIELD GEAN | ) |
| A/K/A THOMASENIA C. GEAN, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| CHARLOTTE MECKLENBURG POLICE DEPARTMENT; WELLS FARGO BANK, N.A. | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on Motions to Dismiss by Defendant Charlotte Mecklenburg Police Department ("CMPD"), Doc. No. 3, and Defendant Wells Fargo, N.A. ("Wells Fargo"), Doc. No. 5. Plaintiff filed a response in opposition to each of these motions. (Doc. Nos. 9, 11). Wells Fargo has filed a reply. (Doc. No. 12). For the following reasons, Defendants' Motions to Dismiss are **GRANTED**.

## I. BACKGROUND

Plaintiff Thomasina Gean, who is acting pro se, filed her Complaint on June 8, 2023, against CMPD and Wells Fargo. (Doc. No. 1). Plaintiff states:

> I was arrested and injured by Charlotte Mecklenburg Police. A Wells Fargo employee called the police and said that I was banned from the Bank on May 15, 2023. After I became very upset with how the transaction took place. I had the funds in the Bank and I am a retired Wells employee. I was asked some questions that was not the usual process, and was denied getting only $250.00 from the Bank. I was taken to a behavioral place at Novant for a week. I will provide more detail later. I also have a disability.

(Id. at 4).

The complaint asks the Court to award Plaintiff $32 million in damages from CMPD and

1

$32 million in damages from Wells Fargo. (Id.). Lastly, Plaintiff's complaint states, "I will tell the court the amount that I am asking from the other defendants when I add them to the list." (Id.). The complaint does not provide any further information or explicitly assert any causes of actions against Defendants.

II. **STANDARD OF REVIEW**

A complaint may be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the complaint fails to "state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all of the factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted).

Pro se plaintiffs are afforded more leniency than represented plaintiffs. See Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278

(4th Cir. 1985). Courts are not required "to conjure up questions never squarely presented to them" and district court judges "cannot be expected to construct full blown claims from sentence fragments." Id. at 1278. Where a complaint fails to state a claim upon which relief can be granted, it must be dismissed pursuant to Rule 12(b)(6).

### III. DISCUSSION

Plaintiff has named two Defendants, CMPD and Wells Fargo. This Court will address the claims against each Defendant in turn.

#### a. Claims Against CMPD

Plaintiff named CMPD as a Defendant in this case. However, a governmental entity may only be sued if the law of the state in which the court is located permits that entity to be sued. FED. R. CIV. P. 17(b)(3). Under North Carolina law, police departments cannot be sued as entities. Smith v. Munday, 848 F.3d 248, 256 (4th Cir. 2017). Therefore, Plaintiff's claims against CMPD must be dismissed.

#### b. Claims Against Wells Fargo

Plaintiff also names Wells Fargo as a defendant. However, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Plaintiff's complaint seems to allege that Wells Fargo committed some sort of misconduct. But the complaint does not show that Plaintiff is entitled to legal relief. Plaintiff does not identify any statutory violation or common law tort that would entitle her to relief. Even applying leniency to Plaintiff, who is pro se, the complaint's very short recitation of facts, without any additional information, is insufficient to survive a motion to dismiss. Accordingly, Plaintiff's claims against Wells Fargo must also be dismissed.

### ORDER

**IT IS THEREFORE ORDERED** that Defendant CMPD's Motion to Dismiss, Doc. No. 3, is **GRANTED** and Defendant Wells Fargo's Motion to Dismiss, Doc. No. 5, is **GRANTED**. Therefore, this case is **DISMISSED** without prejudice.

Signed: August 24, 2023

Max O. Cogburn Jr
United States District Judge

4

Case 3:23-cv-00341-MOC   Document 13   Filed 08/24/23   Page 4 of 4